# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2020

Lyle W. Cayce
Clerk

No. 20-20227
Summary Calendar

Rodney E. Underwood,

*Plaintiff—Appellant*,

*versus*

Ocwen Loan Service,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4593

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

A homeowner sued to prevent foreclosure on his home, arguing that the relevant statute of limitations had expired under Texas law. The district court dismissed the case as being barred by *res judicata*, denied a motion for a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

new trial, and required plaintiff's counsel to refund his fees to his client. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

Rodney Underwood owned property in Houston, Texas, for which he executed a promissory note and security instrument. U.S. Bank on April 19, 2010 filed an application for an expedited order of foreclosure in state court on this property. In 2012, Underwood brought suit in state court regarding a different property and a different loan servicer. At this time, Ocwen Loan Servicing was not a named party in the suit, but in 2013, Underwood amended his complaint to name Ocwen and another defendant and to alter the claim to prevent foreclosure on the same property that U.S. Bank had sought to foreclose on in 2010, which also is the property that is the focus of this appeal. In March 2014, U.S. Bank intervened in the suit Underwood filed in 2012 and counterclaimed, seeking a judicial foreclosure. Final judgment in Underwood's 2012 lawsuit was entered in November 2014, ordering judicial foreclosure on the property at issue in the case now before this court. Underwood's appeal was dismissed as untimely, and the mandate from the appellate court issued in June 2016.

In October 2018, the state trial court that had ordered foreclosure in 2014 issued an order allowing the sale of the property. Just one day before the scheduled foreclosure sale, Underwood *pro se* filed this lawsuit in the federal district court, and another one in state court. Underwood asked the federal district court for a declaratory judgment that the lien was invalid and that foreclosure was prohibited because Ocwen had failed to enforce the lien within four years from when it accelerated the loan. Ocwen sought dismissal of this claim.

Underwood's counsel failed to attend the hearing regarding the motion to dismiss. The district court dismissed the case with prejudice as

barred by *res judicata*. As part of the order dismissing the case, the district court required Underwood's counsel to refund fees to his client. Underwood then filed a motion for a new trial, which the district court denied. Underwood appealed.

## DISCUSSION

Underwood seeks review of three rulings from the district court. First, he argues that the district court improperly dismissed the claim as barred by *res judicata*. Second, he contends that the district court's rejection of the motion for a new trial was in error. Third, he seeks reversal of the district court's sanction. We discuss the arguments in that order.

### I.    *Dismissal of the claim*

We "review[] a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*." *Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015). Under this review, we are "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Id.* (citation omitted). Our affirmance can be based "on any grounds raised below and supported by the record." *Id.*

The district court dismissed this case as barres by *res judicata*. "A federal court asked to give *res judicata* effect to a state court judgment must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982). Because a Texas state court issued the 2012 final judgment, we turn to Texas law. The party asserting *res judicata* must show the following:

> (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.

No. 20-20227

*Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A district court's determination of *res judicata* is reviewed *de novo*. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

First, the 2012 suit resulted in a final judgment in 2014, and neither party has questioned jurisdiction. Second, both Ocwen and Underwood were parties to the 2012 suit once Underwood amended the complaint. The third element presents at least some question for us. To determine whether the same claims are involved, Texas applies the transaction test. *Barr v. Resolution Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). When claims "arise[] out of the same subject matter of a previous suit," they are deemed to be from the same transaction. *Id.*

The 2012 claim involved the same property as this case. There, U.S. Bank counterclaimed to foreclose on the property, and here, Underwood seeks to prevent foreclosure on the same property. Underwood attempts to circumvent *res judicata*'s preclusive effect by arguing there was a "material change in circumstances when the statute of limitations ran" on the right to foreclose. That argument is based on a Texas statute that provides that suit must be brought for "the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). The argument in district court was that because the loan was accelerated in April 2010, the judicial foreclosure suit needed to be brought by April 2014.

In the 2012 litigation that we have described, involving the same parties and the same property, no argument about the statute of limitations was made. Final judgment was not entered in that suit until November 2014, seven months after the alleged running of the statute of limitations in April 2014. On appeal, Underwood argues for the first time that he had been in

bankruptcy at some point, and as a result, U.S. Bank "lost the ability to either bring suit or actually conduct the sale in late 2015 or early 2016." There was no mention of bankruptcy in district court, and no record made. We will not consider this new argument. The issue of the running of the statute of limitations was an argument that could have been, but was not, made in the earlier litigation. *Res judicata* bars it now.[1]

*Res judicata* applies, and the district court properly dismissed the suit.

## II.    *Motion for new trial*

We review the denial of a motion for new trial for clear abuse of discretion. *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002). "Generally, this court has held that the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).

Underwood "presented no new evidence or otherwise show[ed] a change of circumstances sufficient to reverse the dismissal of the case" in his motion for a new trial. In fact, Underwood's briefing on the motion relied on the same arguments already heard and rejected in the district court's consideration of the motion to dismiss. The district court did not clearly abuse its discretion in denying the motion for a new trial.

## III.    *Sanctions*

The appropriate standard of review for an award of sanctions is abuse of discretion. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).

---

[1] Ocwen makes other arguments about the appropriate limitations statute for judicial foreclosure as opposed to that under a power of sale in a deed of trust, and how the accrual of the claim differs. There is no need to consider those points.

An abuse of discretion occurs when the district court rules "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

The record contains little information on the sanction. The specific legal basis on which the district court relied is not clear. The relevant order simply states, "Underwood's attorney . . . must remit Underwood's fee." As for the factual basis, the district court's order mentions that Underwood's attorney missed the hearing and failed to communicate to the court that he would be absent. The order also states that the attorney "should not have filed this unprincipled suit" and concludes that "[i]f Underwood wants a hearing, it will be on sanctions."

We cannot conclude that the district court abused its discretion in issuing this sanction. The district court identified both that Underwood's attorney missed the hearing on the motion to dismiss without prior communication to the court and that the suit was "unprincipled" as the basis for the sanction. Underwood contends that the original filings were *pro se* and that an attorney was not retained until months later. Even so, Underwood fails to acknowledge that after acquiring representation, Underwood moved to amend the complaint. The amended complaint is what was subject to the district court's dismissal. We find no abuse of discretion.

AFFIRMED.